**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ANGEL SOTO-VELEZ, et al.,

    Plaintiffs,

    v.

EL CONQUISTADOR RESORT THE
WALDORF ASTORIA COLLECTION,

    Defendant.

Civil No. 09-2211 (GAG)

**OPINION AND ORDER**

Plaintiffs Angel Soto-Velez, his wife Melinda Maldonado and the conjugal partnership composed by them ("Plaintiffs") bring this action against Defendant El Conquistador Resort The Waldorf Astoria Collection ("El Conquistador" or "Defendant") alleging age discrimination, hostile work environment and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*[1] Plaintiffs also bring state claims alleging violations of Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. Laws Ann. tit. 29, §§ 146 *et seq.*; Puerto Rico Law 115 of December 20, 1991 ("Law 115"), P.R. Laws Ann. tit. 29, § 194a; and Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5141.

Presently before the court is Defendant's motion for summary judgment (Docket No. 40) and Plaintiffs' opposition (Docket No. 49). After reviewing the parties submissions and pertinent law, the court **GRANTS** El Conquistador's motion for summary judgment at Docket No. 40.

**I.    Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Plaintiffs also sought relief under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 121179(a) and Puerto Rico Law 44 of July 2, 1985, P.R. Laws Ann. tit. 1, §§ 502 *et seq.* (See Docket No. 1.) The court dismissed these claims on March 29, 2010. (See Docket No. 21.)

**Civil No. 09-2211 (GAG)**                                    2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**II.     Factual and Procedural Background**

Angel Soto-Velez ("Soto-Velez") began working as a Food and Beverage Attendant for El Conquistador in 1996. (See Docket Nos. 41 ¶ 1; 49-1 ¶ 1; and 41-1.) He was later transferred to a "Bar Busperson" or "Bar Back" position. (See Docket Nos. 41 ¶ 2; 49-1 ¶ 2.) Soto-Velez was still employed as a Bar Back by El Conquistador at the time Defendant filed this motion for summary

**Civil No. 09-2211 (GAG)**                         3

judgment.[2] (See Docket Nos. 41 ¶ 3; 49-1 ¶ 3.) As a Bar Back, Soto-Velez assisted hotel bartenders in the daily operation of the bar. (See Docket Nos. 41 ¶ 4; 49-1 ¶ 4; 41-3 at 1-2.) His duties included, among others, refilling ice chests, retrieving liquor, beer and wine from the storeroom, taking out the trash, and occasionally setting up the bar. Id. It was within hotel management's prerogative to assign him additional tasks. (See Docket Nos. 41 ¶ 5; 49-1 ¶ 5.) Soto-Velez's duties have remained the same throughout his employment. (See Docket Nos. 41 ¶ 9; 49-1 ¶ 9.) He is eligible for promotions based on merit. (See Docket Nos. 41 ¶ 10; 49-1 ¶ 10.) The top of the pay scale for a Bar Back is $7.25 per hour. (See Docket Nos. 41 ¶ 12; 49-1 ¶ 12.) As of December 10, 2010, Soto-Velez earned $7.45 per hour. Id. Soto-Velez has had several disciplinary issues during the course of his employment at El Conquistador. (See Docket Nos. 41 ¶ 17; 49-1 ¶ 17.) On one occasion, instead of terminating him, the hotel gave him an ultimatum, advising him that further disciplinary issues would result in his termination. (See Docket Nos. 41 ¶ 21; 49-1 ¶ 21; 53-3 at 2.)

In November 2008, Soto-Velez reported to the State Insurance Fund ("SIF") for an alleged emotional condition. (See Docket Nos. 41 ¶ 24; 49-1 ¶ 24.) The SIF ultimately determined that no work-related accident had occurred, and that Soto-Velez's emotional condition, if any, was not related to his employment at El Conquistador. (See Docket Nos. 41 ¶ 25; 49-1 ¶25.)

In January 2009, Soto-Velez was announced as a possible witness in an age discrimination case brought by another hotel employee against El Conqusitador. (See Docket No. 49-10.)

As a result of a hotel restructuring in 2008, thirteen positions were eliminated. (See Docket Nos. 41 ¶ 30; 49-1 ¶ 30; 41-6 at 2.) Soto-Velez's Bar Back position was one of these. (See Docket No. 41-6 at 2.) Roberto Figueroa is another Bar Back at the hotel with more seniority than Soto-Velez, and is younger than 40 years of age. (See Docket No. 41-3 at 4 ¶ 18-19.) Due to seniority, Roberto Figueroa remained as a Bar Back at El Conquistador. (See Docket Nos. 41 ¶ 33; 49-1 ¶ 33.)

Soto-Velez was offered a "settlement, confidentiality, and general release agreement" when he returned from the SIF in March 2009. (See Docket Nos. 41-2 at 14; 49-7; 49-3 at 2.) El

---

[2] The record includes Soto-Velez's letter of resignation dated December, 20, 2010. (See Docket No. 53-3 at 1.)

**Civil No. 09-2211 (GAG)**                4

Conquistador's Director of Human Resources, Luis Alvarez, informed him that there had been a personnel reduction due to the economic recession. (See Docket No. 49-3 at 3.) Soto-Velez did not sign the agreement or accept severance because he thought not enough money had been offered. (See Docket Nos. 41 ¶ 39; 49-1 ¶ 39; 49-3 at 2.) A couple of days later he accepted a part-time position with El Conquistador. (See Docket No. 49-3 at 2.) Soto-Velez part-time position became effective on March 30, 2009. (See Docket No. 41-6 at 1.)

On June 19, 2009, Soto-Velez filed a charge of discrimination with Puerto Rico's Anti-Discrimination Unit ("ADU") and the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation by El Conquistador. (See Docket Nos. 41-10; 49-8 at 1; 53-4.) On December 13, 2009, Plaintiffs filed the present complaint claiming that Soto-Velez had been subjected to age discrimination as well as retaliatory conduct. (See Docket No. 1.)

**III.    Discussion**

    **A.    ADEA**

        **1.    Adverse Employment Action**

The ADEA makes it unlawful for an employer to "fail or refuse to hire or discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). In assessing an ADEA claim where there is no direct evidence of discrimination, the court applies the burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142 (2000) (assuming that the McDonnell Douglas framework applies to an ADEA claim, and applying it to such a claim, "[b]ecause the parties do not dispute the issue."); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1117 (1st Cir. 1993) (finding that in absence of direct evidence of age discrimination, an ADEA claim is governed by burden-shifting framework set forth in McDonnell Douglas).

A *prima facie* case for age discrimination under the ADEA, requires a plaintiff to prove: (1) that he was over 40 years old; (2) that he has met his employer's legitimate job expectations; (3) that the employer took adverse action against him and; (4) that the employer did not treat age neutrally or that younger persons were retained in the same position. See Phair v. New Page Corp., 708 F.

**Civil No. 09-2211 (GAG)**                                            5

Supp. 2d 57, 63-64 (1st Cir. 2010) (citing Goldman, 985 F.2d at 1117; Hidalgo v. Overseas Condado Ins. Agencies, Inc., 120 F.3d 328, 333 (1st Cir. 1997)). According to the First Circuit, a plaintiff's burden to demonstrate a *prima facie* case is relatively easy to meet. See Rathbun v. Autozone, Inc., 361 F.3d 62, 71 (1st Cir. 2004) (referring to a *prima facie* case as a "modest showing"); Zapata-Matos v. Reckitt & Colman, Inc., 227 F.3d 40, 44 (1st Cir. 2002) (describing it as "the low standard of showing *prima facie* discrimination").

Under the McDonnell Douglas burden shifting framework, once this *prima facie* case is shown, a presumption of discrimination arises and the burden of production then shifts to the defendant employer to show a "legitimate, non-discriminatory reason" for the termination. See Rathbun, 361 F.3d at 71. If the defendant satisfies its burden of production, the presumptions and burdens of the McDonnell Douglas framework are "no longer relevant." Velez v. Thermo King de Puerto Rico, Inc., 585 F.3d 441, 447 (1st Cir. 2009) (citing St. Mary's Honor Center v. Hicks, 509 U.S. 502, 510 (1993)). "In such a situation, the plaintiff then has the full and fair opportunity to demonstrate, through presentation of his own case and through examination of the defendant's witnesses, that the proffered reason was not the true reason for the employment decision, . . . and that age was." Alvarez-Fonseca v. Pepsi Cola of Puerto Rico Bottling Co., 152 F.3d 17, 25 (1st Cir. 1998) (quoting St. Mary's Honor Center, 509 U.S. at 507-08) (internal quotation marks and citations omitted)). "Plaintiff is required to do more than simply refute or cast doubt on the employers' rationale." Carmona Rios v. Aramark Corp., 139 F. Supp. 2d 210, 217 (D.P.R. 2001). The Supreme Court has declared that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL Fin. Services, Inc., --- U.S. ---, 129 S.Ct. 2343, 2352 (2009). This 'but for' standard is a much higher standard than that which has been applied to Title VII cases. Id. at 2351. It means "that age was the 'reason' that the employer decided to act." Id. at 2350 (citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993)).

Defendant's motion for summary judgment assumes that Soto-Velez has established a *prima*

**Civil No. 09-2211 (GAG)**                                                6

*facie* case of age discrimination.[3] At this point, the court will assume, without concluding, that Soto-Velez has established a *prima facie* case of age discrimination because doing so does not alter the ultimate outcome. See Pages-Cahue v. Iberia Lineas Aereas de España, 82 F.3d 533, 537 (1st Cir. 1996).

El Conquistador contends that any allegedly adverse employment actions taken with regard to Soto-Velez were due to *bona fide*, non-discriminatory reasons. (See Docket No. 40 at 10.) It argues that due to economic hardship, the hotel closed one of its bars, and had to undertake a *bona fide* restructuring, thereby eliminating thirteen (13) positions, including Soto-Velez's Bar Back position. (See Docket No. 40 at 5 and 13.) Because there were less bars, El Conquistador no longer required two (2) Bar Backs. (See Docket No. 41-3 ¶ 30.) Robert Figueroa was the other Bar Back working with Soto-Velez and had more seniority. (See Docket 41-2 at 4-5.) El Conquistador's Director of Human Resources, Luis Alvarez ("Alvarez"), declared under penalty of perjury that Soto-Velez's position was eliminated because he had less seniority than the other Bar Back at the hotel. (See Docket No. 41-3 ¶ 31.) Alvarez also declares that he personally offered Soto-Velez the opportunity to apply for other available positions within the hotel and other affiliated hotels, particularly the only available position in the hotel at that moment, which was at the hotel's golf store. (See Docket No. 41-3 ¶ 35-36.) Alvarez further declares that soon after the hotel informed Soto-Velez that his position had been eliminated, it came to their attention that it would be necessary to have a part-time Bar Back to cover the full time Bar Back on his days off. As a result, Alvarez personally contacted Soto-Velez and asked him if he would like to remain at the hotel as a part-time Bar Back. (See Docket No. 41-3 ¶ 40-41.)

El Conquistador's record includes a payroll action form dated March 30, 2009, which reflects Soto-Velez's employment status change from full-time to part-time. (See Docket No. 41-6 at 1.) "Closing of Drake's Bar, Reorganization" is handwritten in the explanation box. Id. A "Table of

---

[3] When addressing Soto-Velez's ADEA claim, Defendant proceeds to lay out its burden of production as well as its denial of any pretext for its adverse employment decisions. (See Docket No. 40 at 11-6.)

**Civil No. 09-2211 (GAG)**                                7

Positions Eliminated in 2008 Reorganization" reflects the names, positions, hiring dates and birth dates of the thirteen (13) employees whose positions were eliminated. (See Docket No. 41-6 at 2.) The court notes that the employees' birth dates range from 1955 to 1982, making some of them well under 40 years of age at the time their positions were eliminated. See id.

Defendant has met its burden of production. Whatever the merits of an employer's business decision, "[it] is free to terminate an employee for any nondiscriminatory reason." Webber v. Int'l Paper Co., 417 F.3d 229, 238 (1st Cir. 2005) (citing Fennell v. First Step Designs, Ltd., 83 F.3d 526, 537 (1st Cir. 1996)). El Conquistador has provided a legitimate, non-discriminatory reason for Soto-Velez's termination. Accordingly, Plaintiffs must now show, by preponderance of the evidence, that El Conquistador's proffered reason is a pretext for discriminatory action. St. Mary's, 509 U.S. at 507-8.

When analyzing whether an employer's proffered reason is actually a pretext for discrimination, "a court's 'focus must be on the perception of the decisionmaker,' that is, whether the employer believed its stated reason to be credible." Mesnick v. General Elec. Co., 950 F.2d 816, 824 (1st Cir. 1991) (quoting Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 256 (1st Cir. 1986)). Plaintiffs may not merely impugn the veracity of Defendant's justification, "[they] must 'elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real motive: age discrimination." Id. (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990)). "At the summary judgment phase, 'courts should not unduly complicate matters . . . by applying legal rules which were devised to govern the basic allocation of burdens and order of proof.'" Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 430 (1st Cir. 2000) (quoting Mesnick, 950 F.2d at 825). "[T]he focus should be on the ultimate issue: whether, viewing the 'aggregate package of proof offered by the plaintiff' and taking all inferences in the plaintiff's favor, the plaintiff has raised a genuine issue of fact as to whether the termination of the plaintiff's employment was motivated by age discrimination." Id. at 431 (internal citations omitted).

Plaintiffs contend that "the alleged reorganization conducted in 2008, which resulted in the elimination of [Soto-Velez's full-time position], was false and a sham, since the alleged

reorganization took place in the year 2008 . . . [and Soto-Velez's] position was eliminated [in March 2009]." (See Docket No. 49 at 14.) El Conquistador argues–and its Director of Human Resources declares under penalty of perjury– that it held Soto-Velez's termination in abeyance because he had reported to the SIF at that time. (See Docket No. 41 ¶ 34.) It is uncontested that Soto-Velez had reported to the SIF during the month of November 2008. (See Docket Nos. 41 ¶ 24; 49-1 ¶ 24.) Soto-Velez testifies that he did not become a part-time employee until he "got . . . out of [SIF]." (See Docket No. 41-2 at 5.) He was offered a "settlement, confidentiality, and general release agreement" when he "came back" from the SIF in March 2009. (See Docket Nos. 41-2 at 14; 49-7; 49-3 at 2.) In his deposition, Soto-Velez admits the Director of Human Resources informed him that there had been "a reduction in force, a personnel reduction" and that they "were cutting employees" because of "business being bad" and "the economy being bad." (See Docket No. 49-3 at 3.) Soto-Velez also admits that he refused to sign the general release agreement, but accepted a part-time position a couple of days later. (See Docket No. 49-3 at 2.) The record shows that Soto-Velez's part-time employment became effective on March 30, 2009. (See Docket No. 41-6 at 1.) The court finds no indication of pretext here.

Plaintiffs further argue that the assignment of Soto-Velez's duties to younger employees with less seniority than him, also demonstrates that El Conquistador's legitimate non-discriminatory reason was pretextual.[4] (See Docket No. 49 at 14-5.) The court notes that the record contains the depositions of various El Conquistador employees testifying that younger employees were performing Bar Back duties.[5] Nonetheless, the reassignment of Soto-Velez's duties to other El

---

[4] Plaintiffs contend that the hotel never eliminated Soto-Velez's full time position, because "[Defendant] assigned [Soto-Velez's] working hours and working schedule, to two other younger employees, Carlos and Alex, whom were exclusively performing [Bar Back] functions and duties." (See Docket No. 49 at 14-15.) Plaintiffs basically allege that "Carlos and Alex replaced [Soto-Velez] in his position." (See Docket No. 49 at 15.)

[5] Richard Fray testifies that he saw younger employees performing some of the duties that Soto-Velez used to do. (See Docket No. 53-1 at 2.) Jose Raul Melendez testifies that although Carlos Gonzalez is a waiter, "he is put to work as [Bar Back]." (See Docket No. 53-1 at 5.) "[H]is

Conquistador employees does not demonstrate that Defendant's actions were pretext for discriminatory intent. See Melendez-Ortiz v. Wyeth Pharmaceutical Co., 2010 WL 5662937 at *10 (D.P.R. Sept. 22, 2010) (finding that the reassignment of a terminated employee's duties to younger employees did not demonstrate that the employer's reason–a reduction in force–was a pretext for his termination). The First Circuit has found "that having current employees fill the discharged employee's role is consistent with a reduction-in-force rationale while hiring outside replacements suggests that the reduction-in-force rationale was a sham because the position was not in fact eliminated." Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52, 59 n.4 (1st Cir. 2005) (citing LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 846 (1st Cir. 1993)). "Thus, in a reduction-in-force case, an employee, trying to prove pretext on the ground that he was replaced, must prove that the replacement came from outside the company." Id. The record shows that Soto-Velez's Bar Back duties were assumed by existing El Conquistador employees. In accordance with First Circuit precedent, this does not indicate pretext.

Finally, Plaintiffs contend that Soto-Velez was never offered the opportunity to transfer to other positions, while younger employees with less seniority were. (See Docket No. 49 at 14.) The record indicates that El Conquistador's Director of Human Resources, Luis Alvarez, offered Soto-Velez the opportunity to apply to other available positions, particularly a position in the golf store. (See Docket No. 41-3 at 6 ¶ 35.) Soto-Velez admits to this in his deposition. (See Docket No. 41-2 at 21-22 and 24.) "An employer does not have the duty to offer a transfer or relocation to another position to a person affected by a layoff." Estevez v. Edwards Lifesciences Corp., 379 F. Supp. 2d 261, 265 (D.P.R. 2005) (citing Holt v. The Gamewell Corp., 797 F.2d 36, 38 (1st Cir. 1986)). Also, the fact that the hotel's Director of Human Resources suggested Soto-Velez apply for an alternate position, "only goes to show that it did not discriminate against [him] due to [his] age because [El Conquistador] still wanted to retain [him] as an employee." Id. at 265-66.

---

license says waitress [sic], not barback." (See Docket No. 53-1 at 6.) Additionally, he testifies having seen other employees with less seniority than Soto-Velez "performing duties of their jobs and other days as barback [sic]." (See Docket No. 53-1 at 6.) Ruben Serrano Mojica testifies that Carlos Gonzalez and another "youngster" worked as waiters and were placed as Bar Backs on the days Soto-Velez was not given hours. (See Docket No. 53-2 at 2-3.)

**Civil No. 09-2211 (GAG)**                               10

After an extensive review of the record, the court finds that Plaintiffs have not shown a genuine issue of material fact exists as to the effect that age discrimination was the "but-for" cause of Soto-Velez's termination as a full-time Bar Back. The First Circuit has "always required not only 'minimally sufficient evidence of pretext,' but evidence that overall reasonably supports a finding of discriminatory animus." LeBlanc v. Great American Ins. Co., 6 F.3d at 843 (citing Goldman, 985 F.2d at 1117). Plaintiffs offer no evidence of discriminatory animus based on Soto-Velez's age. Consequently, the court **GRANTS** Defendant's motion for summary judgment on Plaintiffs' ADEA claim and **DISMISSES** the same.

### 2.    **Hostile Work Environment**

The court finds that Plaintiffs are also unable to present sufficient evidence to create a genuine issue of material fact that such discriminatory animus may have given rise to a hostile work environment. The First Circuit has recognized that hostile work environment claims are actionable under the ADEA. See Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008). To prove a hostile work environment claim, a plaintiff must show that:

> (1) he/she is a member of a protected class; (2) he/she was subjected to unwelcome harassment; (3) the harassment was based on age; (4) the harassment was sufficiently pervasive or severe so as to alter the conditions of Plaintiff's employment and create an abusive work environment; (5) the objectionable conduct was both objectively and subjectively offensive such that a reasonable person would find it hostile or abusive and that the plaintiff did in fact perceive it to be so; and (6) some basis for employer liability has been established.

Lugo v. Avon Products, Inc., 2011 WL 747961 at *14 (D.P.R. Mar. 1, 2011) (citing O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir. 2001)).

To prove a hostile work environment claim, a plaintiff must provide sufficient evidence from which a reasonable jury could conclude that the offensive conduct is severe and pervasive enough to create an objectively hostile or abusive work environment and is subjectively perceived by the victim as abusive. Montanez v. Educational Technical College, 660 F. Supp. 2d 235, 242 (D.P.R. 2009) (citations and quotations omitted). To assess whether conduct is sufficiently severe or pervasive to create a hostile environment, the court must consider the totality of the circumstances. See Medina v. Adecco, 561 F. Supp. 2d 162, 173 (D.P.R. 2008). There is no mathematically precise test used to determine whether a plaintiff has presented sufficient evidence that he or she was

subjected to a severely or pervasively hostile work environment. Pomales v. Celulares Telefonica, Inc., 447 F.3d 79, 83 (1st Cir. 2006) (quoting Kosereis v. Rhode Island, 331 F.3d 207, 216 (1st Cir. 2003)). Factors to be considered include "the frequency of the discriminatory conduct; its severity; whether it is threatening or humiliating, or merely an offensive utterance; and whether it unreasonably interferes with the employee's work performance." Marrero v. Goya of P.R., Inc., 304 F.3d 7, 18-19 (1st Cir. 2002) (quoting Harris v. Forklift Sys., 510 U.S. 17, 23 (1993)).

In their opposition to summary judgment, Plaintiffs reference their age discrimination claim when addressing their hostile work environment claim. (See Docket No. 49 at 11-12.) Plaintiffs point to their discussion of adverse employment actions allegedly motivated by Soto-Velez's age as instances of unwelcome harassment. (See Docket No. 49 at 3-5). Once again, Plaintiffs fall short of providing a sufficient record to make a finding of age-based animus. See Acevedo-Padilla v. Novartis Ex Lax, Inc., 740 F. Supp. 2d 293 (D.P.R. 2010) (finding that the plaintiff's age-based harassment claims failed because he had not shown an age-based animus). The ADEA is not applicable in cases where, as in the present case, age-based animus has not been shown. Id. at 321. There is no indication that El Conquistador's actions were because of Soto-Velez's age.

Nonetheless, the court finds that the incidents Plaintiffs provide in support of their harassment claims are insufficient to withstand summary judgment. In particular, the court cannot find that Soto-Velez's workplace at El Conquistador was permeated with sufficiently severe or pervasive discriminatory intimidation, ridicule, and insult as to alter the conditions of his employment and create an abusive work environment. Furthermore, it is uncontested that [Soto-Velez] admitted to "never [having] been subjected to harassment or discriminatory or offensive comments on the basis of his age, nor on the basis of his having been a witness in [a federal case against El Conquistador]." (See Docket Nos. 41 ¶ 56; 49-1 ¶ 56.) Consequently, even viewing the record in the light most favorable to Plaintiffs and drawing all inferences in their favor, the court finds that Plaintiffs' assertions of El Conquistador's alleged discriminatory actions do not rise to the level of hostile work environment. Accordingly, the court **GRANTS** Defendant's motion for summary judgment on Plaintiffs' hostile work environment claims and **DISMISSES** the same.

   **3.    Retaliation**

"In addition to prohibiting age discrimination, the ADEA also protects individuals who invoke the statute's protections." Ramirez-Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc., 425 F.3d 67, 84 (1st Cir. 2005) (citing 29 U.S.C. § 623 (d)). Even if a plaintiff's age discrimination claim fails, he may still assert a retaliation claim under the ADEA. Sanchez-Medina v. Unicco Service Co., 2010 WL 3955780 at *9 (D.P.R. Sept. 30, 2010) (citations omitted). In its motion for summary judgment, El Conquistador contends that Plaintiffs have failed to establish a *prima facie* case of retaliation.[6] (See Docket No. 40 at 17.)

Where there is no direct evidence of retaliation, the plaintiff may proceed to establish a *prima facie* case by showing that (1) he engaged in ADEA-protected conduct, (2) he was thereafter subjected to an adverse employment action, and (3) a causal connection existed between the protected conduct and adverse action. Ramirez-Rodriguez, 425 F.3d at 84 (quoting Mesnick, 950 F.2d at 827). Once the plaintiff establishes a *prima facie* case of retaliation, the burden of production falls on the employer to put forth a legitimate, nondiscriminatory reason for the adverse employment action. Delanoy v. Aerotek, Inc., 614 F. Supp. 2d 200, 210 (D.P.R. 2009) (citations omitted). The ultimate burden of persuasion remains with the plaintiff, who "must show that the employer's nondiscriminatory reason is a pretext for retaliatory discrimination." Id.

The court finds that Plaintiffs have satisfied the first two elements. An individual engages in protected conduct when he or she "has opposed any practice made unlawful by [ADEA], or . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under [ADEA]." 29 U.S.C.A. § 623 (d). Accordingly, Soto-Velez engaged in protected conduct when he (1) participated in a co-workers age discrimination case against El Conquistador;[7]

---

[6] Defendant's motion for summary judgment addresses Plaintiffs' retaliation claim under Puerto Rico's anti-retaliation statute, Law 115. The court will address these arguments under ADEA because the analytical principles are substantially the same. See Mojica v. El Conquistador Resort and Golden Door Spa, 714 F. Supp. 2d 241, 262 (D.P.R. 2010).

[7] The record contains an opinion and order from civil no. 08-1797, Serrano-Mojica, et al. v. El Conquistador Resort and Golden Door Spa, which reflects that Soto-Velez testified against his employer, El Conquistador on age discrimination grounds. (See Docket No. 49-11 at 8-9, 20.)

(2) filed a discrimination charge against El Conquistador with the EEOC and the ADU;[8] and (3) filed the present complaint.[9]

With regard to the second prong, Plaintiffs must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination. Delanoy, 614 F. Supp. 2d at 210 (internal citations and quotations omitted).[10] "The alleged retaliatory action must be material, producing a significant, not trivial, harm." Id. (quoting Carmona-Rivera v. Commonwealth of Puerto Rico, 464 F.3d 14, 19 (1st Cir. 2006)). The First Circuit has considered demotions, disadvantageous transfers or assignments, refusals to promote and unwarranted negative job evaluations as adverse employment actions. Id. (quoting Marrero, 304 F.3d at 23). Thus, being terminated from a full-time position satisfies this requirement. "Whether an action is sufficient to support a claim of retaliation is judged objectively and depends on the particular circumstances of the case." Id. (citing Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 69 (2006)).

At issue is whether Plaintiffs satisfy the third prong: casual connection. Plaintiffs argument is that "[i]mmediately after [Soto-Velez] was announced as a witness . . . , filed his discrimination charge and the [c]omplaint, [El Conquistador] continued, and even increased, [the] harassing and discriminatory actions against [him], which were previously described and mentioned." (See Docket No. 49 at 10.) Plaintiffs contend that Soto-Velez's announcement as a witness in a co-worker's ADEA case against El Conquistador is in close temporal proximity with the adverse employment action he allegedly suffered. (See Docket No. 49 at 10.)

---

[8] Soto-Velez's charge of age discrimination and retaliation with the EEOC. (See Docket Nos. 41-10; 49-8 at 1; 53-4.)

[9] See Docket No. 1.

[10] Soto-Velez contends he was subjected to an adverse employment action when his employment status with El Conquistador changed from full-time to part-time. As a result, he lost his family health insurance plan and had his salary "drastically reduced" by "approximately . . . fifty percent (50%) or more." (See Docket No. 49 at 9.)

**Civil No. 09-2211 (GAG)**               14

The First Circuit has found that "temporal proximity alone can suffice to 'meet the relatively light burden of establishing a prima facie case of retaliation.'" DeCaire v. Mukasey, 530 F.3d 1, 19 (1st Cir. 2008) (quoting Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 224 (1st Cir. 2007)). Close temporal proximity between the adverse employment action and a plaintiff's protected activity, without further evidence, may give rise to a causal connection. Delanoy, 614 F. Supp. 2d at 210 (citing Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 25-26 (1st Cir. 2004)).

In the present case, Soto-Velez's part-time position became effective on March 30, 2009. (See Docket No. 41-6 at 1). However, it is uncontested that the El Conquistador eliminated thirteen positions as a result of restructuring in 2008. (See Docket Nos. 41 ¶ 30; 49-1 ¶ 30.) Defendant presented evidence that Soto-Velez's full-time Bar Back position was among these eliminated in 2008. (See Docket No. 41-6 at 2.) Soto-Velez's charge of discrimination with the EEOC was not filed until June 4th, 2009. (See Docket Nos. 49-8 at 1; 41-10 at 2). The present complaint was filed on December 3rd, 2009. (See Docket No. 1.) Consequently, Soto-Velez's full-time Bar Back position could not have been terminated in retaliation for him having filed age discrimination complaints. As for Soto-Velez's participation in a federal age discrimination case against his employer, the record does reflect that on January 22, 2009, Defendant's lawyers were notified that Soto-Velez was a possible witness in an ADEA case.[11] (See Docket No. 49-10 at 1.) This too, however, occurred after El Conquistador decided to eliminate Soto-Velez's position in 2008. Accordingly, Defendant could not have eliminated the full-time Bar Back position in retaliation for Soto-Velez's protected conduct.

Plaintiffs fail to present admissible evidence sufficient to demonstrate a causal connection. Based on the admitted evidence, there is no direct or circumstantial evidence which could lead the court to infer a connection between the elimination of Soto-Velez's full-time position and the notice of his possible involvement in an ADEA case against Defendant, the filing of a charge of

---

[11] The notice states that Soto-Velez "has knowledge and can testify regarding the allegations raised in the Complaint, as well as in the Answer to the Complaint, and regarding the harassment and discriminatory treatment and actions from the defendant against the plaintiff."

discrimination or the filing of the present complaint.  Without this showing, Plaintiffs are unable to present a *prima facie* claim of retaliation.  See Bibiloni Del Valle v. Puerto Rico, 661 F. Supp. 2d 155, 168 (D.P.R. 2009).  For this reason, the court **GRANTS** Defendant's motion for summary judgment on Plaintiffs' retaliation claims and **DISMISSES** the same.

### B. State Claims

#### 1. Law 100 and Law 115

In addition to their federal claims, Plaintiffs plead supplemental state law claims under Puerto Rico's anti-discrimination statue, Law 100, and its anti-retaliation statute, Law 115.  The analysis is practically the same under both federal and Puerto Rico law and Plaintiffs develop their arguments under federal standards and case law.  See Mojica, 714 F. Supp. 2d at 262.  "As applied to age discrimination, [Law 100] differs from the ADEA only with respect to how the burden-shifting framework operates."  Davila v. Corporacion de Puerto Rico Para La Difusion Publica, 498 F.3d 9, 18 (1st Cir. 2007) (citing Cardona Jimenez v. Bancomerico de P.R., 174 F.3d 36, 42 (1st Cir. 1999)).  "On the merits, age discrimination claims asserted under the ADEA and under Law 100 are coterminous."  Id. (citing Gonzalez v. El Dia, 304 F.3d 63, 73 (1st Cir. 2002)).

Law 115 forbids employers from discriminating against employees for offering written or verbal testimony before legislative, judicial or administrative forums.  P.R. Laws Ann. tit 29 § 194a.  "The evidentiary mechanism provided by Law 115 mirrors the McDonnell Douglas framework which we already addressed in disposing of Plaintiffs' retaliation claims."  Rivera-Rodriguez v. Sears Roebuck De Puerto Rico, Inc., 367 F. Supp. 2d 216, 230 (D.P.R. 2005).  Accordingly, the court incorporates those arguments and **DISMISSES** Plaintiffs' Law 100 and Law 115 claims for the same reasons as the ADEA claims.

#### 2. Article 1802

The court finds that Plaintiffs' Article 1802 claim is not adequately addressed in the summary judgment context.  "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."  Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).  In cases where the federal claims are dismissed, "the

**Civil No. 09-2211 (GAG)** 16

balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims." Id.  The use of supplemental jurisdiction in these circumstances is completely discretionary, and is determined on a case-by-case basis. Id.

As all Plaintiffs' federal claims have been dismissed, the court, in its discretion, **DISMISSES**, without prejudice, the Article 1802 claim brought by Plaintiffs.

**IV.   Conclusion**

For the reasons set forth above, the court **GRANTS** Defendant's motion for summary judgment (Docket No. 40).

**SO ORDERED**.

In San Juan, Puerto Rico this 31st day of March, 2011.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge